IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JEREMY KEITH McGILL | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | CIVIL NO.: 1:13cv227-HSO-RHW |
| | § | |
| CAROLYN W. COLVIN, ACTING | § | DEFENDANT |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY | § | |

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND
DENYING IN PART [16] PETITION FOR APPROVAL OF ATTORNEY FEES**

BEFORE THE COURT is the Petition for Approval of Attorney Fees [16] filed by Plaintiff Jeremy Keith McGill. Defendant Carolyn W. Colvin, Acting Commissioner of Social Security, has filed a Response [18], and Plaintiff has filed a Rebuttal [21]. Having considered the parties' submissions, the record, and relevant legal authorities, the Court finds that the Petition for Approval of Attorney Fees should be granted in part and denied in part.

I. BACKGROUND

On June 23, 2010, Plaintiff Jeremy Keith McGill ("Plaintiff") filed a claim for social security benefits with the Social Security Administration. Admin. R. 166 [6]. Following a hearing, the Administrative Law Judge denied Plaintiff's claim and the Appeals Council denied Plaintiff's request for review. Plaintiff filed the Complaint [1] in this case against Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner") on May 22, 2013. Admin. R. 163-76, 177-79

1

[6]. On January 10, 2014, this Court entered an Order [14] remanding the Final Decision to the Commissioner for further consideration. On remand, the Commissioner found in favor of Plaintiff on June 17, 2014. Notice of Decision-Fully Favorable [16-1].

Plaintiff subsequently filed the Petition for Approval of Attorney Fees [16] seeking approval of a total of $11,941.02, consisting of costs in the amount of $1,720.27, and attorneys' fees of $10,220.75, based on an hourly rate of $225.00. Pet. 2 [16]. The Commissioner objects that Plaintiff has not met his burden under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), of showing that his costs or expenses allegedly totaling $1,720.27 are reasonable. Resp. in Opp'n 5-6 [18]. The Commissioner contends that 15.55 hours of attorneys' fees are not allowable under the EAJA because the fees are billed for work performed prior to the commencement of judicial proceedings. *Id*. at 8. The Commissioner also argues that Plaintiff's counsel is not entitled to fees for preparing four motions for extension of time and posits that the $225.00 hourly rate for attorneys' fees unjustifiably exceeds the EAJA's $125.00 statutory rate. *Id*. at 9, 12-14.

II. DISCUSSION

A.   Legal Standard

Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable by the United States if the Government's position in the litigation was not

'substantially justified.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(A)). "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate,' . . . capped in the mine run of cases at $125 per hour . . . ." *Id*. (quoting 28 U.S.C. § 2412(d)(1)(B) and (d)(2)(A)). "A higher fee may be awarded if 'the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee.'" *Id*. at n.4 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)).

The burden of establishing the reasonableness of the requested attorneys' fees is on the party seeking an award of fees. *See Sanders v. Barnhart*, No. 04-10600, 2005 WL 2285403, at *1 (5th Cir. Sept. 19, 2005) (noting that the "EAJA is a partial waiver of sovereign immunity [and] must be strictly construed in the government's favor[,]" and that the fee applicant "has the burden of demonstrating the reasonableness of the number of hours expended") (citing *Tex. Food Indus. Ass'n v. USDA*, 81 F.3d 578, 580 (5th Cir. 1996)). The Fifth Circuit Court of Appeals has noted that "the twelve factors set out in *Johnson v. Georgia Highway Express* [] bear on the determination of a reasonable rate under the EAJA . . . ." *Rice v. Astrue*, 609 F.3d 831, 838 n.32 (5th Cir. 2010) (citing 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds, *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989)).[1] If

---

[1] Those factors are as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the

made by the Court, "cost-of-living adjustments under the EAJA must be made to reflect the appropriate rate in the year in which the services were rendered." *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992).

B.  Analysis

The Commissioner does not dispute that Plaintiff is a "prevailing claimant" for purposes of the EAJA. The Commissioner also has not offered any argument suggesting that the position of the United States was substantially justified. The Commissioner only challenges the amount of the award sought by Plaintiff's counsel. Therefore, the Court must determine the extent to which Plaintiff is entitled to an award of attorneys' fees, expenses, and costs of court under the EAJA in light of the Commissioner's challenge. *See* 28 U.S.C. § 2412.

1.  Counsel's Request for Reimbursement of Expenses

Plaintiff's counsel seeks an award of expenses in the amount of $1,720.27. The Commissioner "does not challenge Plaintiff's request for $350.00 to reimburse his federal court filing fee[,]" but asserts that Plaintiff has not sufficiently explained the remainder of the costs and expenses sought. Resp. in Opp'n 5-7 [18]. With respect to the expenses paid to HealthPort totaling $891.50, the Court finds that Plaintiff has sufficiently explained those expenses as being necessary for the

---

time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Rice*, 609 F.3d at 838 n.32 (citing *Johnson*, 480 F.2d at 717-19).

preparation of his case in that the sum requested represents the total fees paid for the retrieval and production of Plaintiff's medical records. Thus, the $891.50 Plaintiff requests will be reimbursed. Plaintiff offers no response to the Commissioner's challenge to the $78.77 expense described only as "FEDEX" and the $400.00 expense described only as "U.S. District Court[,]" and thus those expenses will be excluded from the reimbursement awarded to Plaintiff. *See* All Transactions Report [16-3].

Accordingly, Plaintiff's request for reimbursement of "costs" in the amount of $1,720.27 will be granted in part and denied in part such that Plaintiff will be entitled to reimbursement of $350.00 in costs and $891.50 in expenses for a total reimbursement of $1,241.50. The remainder of Plaintiff's requested costs will be denied.

2. Allegedly Non-Compensable Tasks

Plaintiff is not entitled to an award of attorneys' fees under the EAJA for those fees incurred while his claim for benefits was being considered at the agency level. "Attorney fees are awardable under the EAJA for judicial review of decisions of the Secretary under the Social Security Act but not for proceedings at the agency level." *Childress v. Heckler*, 616 F. Supp. 563, 564 (E.D. La. 1985) (citing *Clifton v. Heckler*, 755 F.2d 1138, 1142 (5th Cir. 1985)). The Commissioner contends that "15.55 hours of legal work performed . . . prior to preparation and filing of the [C]omplaint in [this] case" cannot properly be awarded under the EAJA because

that work was performed during proceedings at the agency level.[2] The billing records [16-2] submitted by Plaintiff confirm the Commissioner's contention insofar as Plaintiff has submitted 15.33 hours of time billed while this case was in the midst of agency proceedings and prior to the preparation of the Complaint in this case. Plaintiff does not appear to offer a substantive response to the Commissioner's contention. The Court thus finds that Plaintiff is not entitled to an award of fees for the 15.33 hours of legal work performed and billed during the course of agency proceedings. Consequently, Plaintiff's request for an award of attorneys' fees for a period of 45.43 hours of legal work will be granted in part and denied in part such that Plaintiff's counsel will be entitled to an award of fees for a period of 30.10 hours, but not the 15.33 hours of legal work performed while agency proceedings were ongoing.

3. Plaintiff's Counsel's Hourly Rate

Plaintiff's counsel seeks an award of attorneys' fees totaling $10,220.75 based upon a rate of $225.00 per hour, which is $100.00 in excess of the statutory cap of $125.00 per hour. Pet. 2 [16]. While the Court may consider whether a "special factor exists justifying a departure from the [$125.00] hourly cap[,]" Plaintiff's counsel has not demonstrated circumstances sufficient to support a finding that there exists such a "special factor" justifying a $100.00 increase above the statutory cap. *Bode v. United States*, 919 F.2d 1044, 1053 (5th Cir. 1990). In attempting to

---

[2] The Court's review of the billing records submitted by Plaintiff reveals that the number of hours billed prior to Plaintiff's preparation and filing of the Complaint [1] is actually 15.33 hours rather than 15.55 as asserted by the Commissioner.

6

make this showing, Plaintiff's counsel appears to rely solely upon her experience. *See* Pet. 1 [16] (noting "Plaintiff's attorney has been in private practice for approximately twenty-four years after a two-year federal clerkship[,] . . . has been licensed to practice law in the State of Louisiana since 1987 and Mississippi since 1989[,] . . . [and] has been handling [s]ocial [s]ecurity cases in addition to other injury cases since approximately 1992"); Reply 3, 5-6 [21] (suggesting the experience of Plaintiff's counsel recited in the Petition amounts to a "special factor" which justifies a higher hourly rate). To a lesser extent, Plaintiff's counsel relies upon the contention that she "diligently represented" Plaintiff since November 29, 2012, obtained a fully favorable decision for Plaintiff following this Court's remand, and that her partner has been awarded "higher fees" by the Social Security Administration for work in a prior case at the agency level. Pet. 1 [16]; Reply 3-4, 6 [21].

Plaintiff has not set forth facts sufficient to support a "special factors" increase above the $125.00 statutory hourly cap. While Plaintiff's counsel has considerable experience, there is no evidence presented as to whether similar attorneys with equal qualifications were available to Plaintiff. *See Rice*, 609 F.3d at 838 n.32 (citing *Johnson*, 480 F.2d at 717-19). Also absent from Plaintiff's submissions is any discussion of "the novelty and difficulty of the issues[,]" "the skill required to perform the legal services properly[,]" whether Plaintiff's counsel's work in this case precluded "other employment[,]" or the existence of any "time

limitations imposed by the client or circumstances . . . ." *Id*. Plaintiff similarly has not submitted sufficient evidence of awards in similar cases as the only two awards referenced by Plaintiff appear to stem from cases involving an award of fees under Title VII, 42 U.S.C. 2000e-5K, and an award of fees in the context of an agency proceeding. *Id.*; *see also* Rebuttal 5-6 [21]. As a result, the Court finds that Plaintiff has not demonstrated that a $100.00 increase in the statutory hourly rate is warranted based on any alleged "special factor." *See Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988) (noting that the statutory cap "is to be adjusted for special factors only in rare circumstances").

In addition to determining whether a "special factor" exists, the Court "should also consider whether, for those hours for which it makes an award of [$125.00] per hour, an 'increase in the cost of living . . . justifies a higher rate.'" *Bode*, 919 F.2d at 1053. Citing Supreme Court precedent, the Fifth Circuit has indicated that the $125.00 statutory hourly rate cap should be adjusted for inflation but has further noted that district courts are not required to award attorneys' fees at the adjusted hourly rate. *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995) ("The cap, adjusted for inflation, cannot be exceeded absent a finding of other special factors not specifically delineated in the statute. However, a district court, in its discretion, may determine that a fee below the established ceiling is a reasonable attorney's fee award based on the facts of a particular case.") (citing *Pierce v. Underwood*, 487 U.S. 552, 571-74 (1988)).

While the Court recognizes that "[t]he purpose of section 2412(d) is to ensure that there is sufficient representation for individuals who need it while minimizing the cost of attorneys' fees awards to the taxpayers[,]" Plaintiff's counsel has not made any contention that an increase in the cost of living justifies her $225.00 hourly rate. *Baker*, 839 F.2d at 1082. In fact, the only evidence in the record related to the cost of living was marginal at best and submitted by the Commissioner in the form of an alternative argument. *See* Resp. in Opp'n 14 [18]. Plaintiff's counsel did not address this evidence in her Rebuttal or produce any evidence of her own as to whether an adjustment for inflation was warranted or what the statutory hourly rate cap would be if it were so adjusted. The Court thus finds that Plaintiff's counsel has not met her burden of establishing the reasonableness of an increase in the statutory hourly rate cap, and Plaintiff's counsel's attorneys' fees will be calculated using the $125.00 statutory hourly rate. Accordingly, Plaintiff's request for attorneys' fees at the hourly rate $225.00 and totaling $10,220.75 will be granted in part and denied in part such that Plaintiff's counsel will be entitled to an award of fees at the hourly rate of $125.00 for 30.10 hours, resulting in a total award of attorneys' fees of $3,762.50.

### III. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff's Petition for Approval of Attorney Fees [16] should be granted in part and denied in part.

**IT IS**, **THEREFORE**, **ORDERED AND ADJUDGED** that the Petition for Approval of Attorney Fees [16] filed by Plaintiff Jeremy Keith McGill is **GRANTED IN PART** and **DENIED IN PART** such that Plaintiff is entitled to reimbursement of costs in the amount of $350.00, expenses in the amount of $891.50, and attorney fees in the amount of $3,762.50, for a total award of costs and fees in the amount of $5,004.00.  The Petition is denied in all other respects.

**SO ORDERED AND ADJUDGED**, this the 19th day of May, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE